# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GLEN LERNER and COREY ESCHWEILER,

        Plaintiff(s),

v.

MICHAEL O'CONNOR,

        Defendant(s).

2:14-CV-341 JCM (VCF)

## ORDER

Presently before the court is a motion to dismiss filed by defendant Michael O'Connor. (Doc. # 6). Plaintiffs Glen Lerner and Corey Eschweiler have filed a response in opposition (doc. # 8) and defendant filed a reply (doc. # 12).

**I.**    **Background**

Plaintiffs are attorneys with the firm Glen Lerner & Associates. (Doc. # 1 at p. 2).

Plaintiffs filed the instant action seeking declaratory relief relating to defendant having initiated arbitration against both plaintiffs in their individual capacities and against Glen Lerner & Associates. (Doc. # 1 at p. 8-9). Plaintiffs also allege abuse of process by defendant in initiating and "actively prosecut[ing]" the arbitration. (Doc. # 1 at p. 10).

Defendant initiated arbitration apparently stemming from a dispute regarding plaintiffs' representation of defendant in the acquisition of a sum of money left to him upon the death of his father. (Doc. # 1 at p. 3). Plaintiffs' firm and defendant had previously entered into a fee agreement

**James C. Mahan**
**U.S. District Judge**

which includes an arbitration clause. (Doc. # 1 at p. 3). The clause states:

> <u>Arbitration of Disputes</u>. It is agreed that any and all disputes, claims or controversies arising out of or relating to this agreement or to our performance of legal services hereunder, including but not limited to those relating to our fees and the quality or appropriateness of our services, shall be resolved at the request of any party hereto by final and binding arbitration before the Judicial Arbitration and Mediation Service.

(Doc. # 1 at p. 16). Plaintiff Corey Eschweiler signed the agreement under the heading "Glen J. Lerner & Associates." (Doc. # 1 at p. 17).

Defendant now moves to dismiss the complaint based on the arbitration clause.

## II.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference

that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Discussion**

The court will address plaintiffs' second claim for abuse of process before addressing the first claim for declaratory relief.

   *A.      Abuse of Process*

To state a claim for abuse of process under Nevada law, the complaint must allege: (1) an ulterior purpose for bringing a lawsuit other than to resolve a legal dispute; and (2) a willful act in the use of the legal process, not proper in the regular conduct of the proceeding. *See LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002); *Posadas v. City of Reno*, 851 P.2d 438, 444-45 (Nev. 1993) (internal citations omitted).

Plaintiffs' second claim for abuse of process alleges that:

> Defendant has instituted and continuously maintained and actively prosecuted an arbitration action against [p]laintiffs with JAMS. The actions of [d]efendant in the issuance of process and the maintenance and prosecution of the arbitration proceeding have been done for ulterior purposes which constitute a willful act in the use of process not proper in the regular conduct of the proceeding. As a direct and proximate result of [d]efendant's abuse of process, [p]laintiffs have been damages[sic].

(Doc. # 1 at p. 10).

As plaintiffs note in their own response, "plaintiffs' complaint is virtually identical to the language set forth in controlling Nevada Supreme Court case law concerning abuse of process claims." (Doc. # 8 at p. 17). Plaintiffs' complaint does not meet the pleading standard set out by Rule 8. *Iqbal*, 556 U.S. at 678. The second claim provides only a "formulaic recitation of the elements of a cause of action" accompanied by nothing more than conclusory statements without any factual support. *Id*.

James C. Mahan
U.S. District Judge

- 3 -

Therefore, plaintiffs' second claim for abuse of process will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

   B.   *Declaratory Relief*

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

Plaintiffs' first claim for relief requests the court to grant declaratory relief on a laundry list of claims. (Doc. # 1 at p. 9-10). The only requested relief that appears to have merit is the first, which requests the court to declare "that [p]laintiffs have no duty to arbitrate claims of professional negligence against them by [d]efendant." (Doc. # 9). Plaintiffs argue that the claims against them in their individual capacities should be dismissed from arbitration, because the arbitration agreement–signed by defendant and plaintiff Corey Eschweiler as a representative of the firm Glen Lerner & Associates–was binding only upon the firm and defendant.

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

"In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Courts shall place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

Additionally, § 3 of the FAA permits a court to stay an action while the parties proceed to arbitration. 9 U.S.C § 3. "Despite the mandatory language, the Ninth Circuit has interpreted this provision to allow dismissal of the action in certain circumstances." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299 (D. Nev. 2003).

- 4 -

**James C. Mahan**
**U.S. District Judge**

1    The Supreme Court has directed courts to order arbitration when the court is "satisfied that neither the formation of the parties arbitration agreement nor [] its enforceability or applicability to the dispute is in issue." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 299 (2010). If a party is disputing either enforceability or applicability of the agreement to the dispute, the court is the one to resolve the disagreement. *Id.*

Plaintiffs here challenge whether the arbitration agreement was enforceable against them in their individual capacities. Therefore, it is the court's responsibility to resolve. *Id.*

The court finds that plaintiffs Glen Lerner and Corey Eschweiler are subject to the arbitration agreement. The contract requires the parties to arbitrate "any and all disputes" including those relating to "the quality or appropriateness of *our* services." (Doc. # 1 at p. 16) (emphasis added). Plaintiffs are agents of the firm Glen Lerner & Associates, and are thus bound by the arbitration agreement. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). Nonsignatories have been bound to arbitration agreements where they "knowingly exploit[] the agreement containing the arbitration clause despite having never signed the agreement." *Id.* (internal citations omitted). It would thwart the purposes of the Federal Arbitration Act if parties could renege on a promise to resolve claims through arbitration simply by claiming they were not signatories in their individual capacity.

Therefore, plaintiffs' first claim for declaratory relief will be dismissed.

**IV.    Conclusion**

Plaintiffs' second claim for abuse of process is insufficiently plead and is therefore dismissed. The court also finds that plaintiffs are subject to the arbitration agreement and therefore the claim for declaratory relief is dismissed.

. . .
. . .
. . .
. . .
. . .
. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 8) be, and the same hereby is, GRANTED. The clerk is instructed to enter judgment accordingly and close the case.

DATED July 3, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**