UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GLEN LERNER and COREY ESCHWEILER,

Plaintiff(s),

v.

MICHAEL O'CONNOR,

Defendant(s).

Case No. 2:14-CV-341 JCM (VCF)

ORDER

Presently before the court is defendant's motion for attorneys' fees. (Doc. # 15). Plaintiffs filed a response, (doc. # 17), and defendant filed a reply. (Doc. # 19).

**I. Background**

Plaintiffs Glen Lerner and Corey Eschweiler are attorneys with the firm Glen Lerner & Associates. (Doc. # 1). Defendant Michael O'Connor hired plaintiffs to represent his "interests involving the Estate of Frank W. O'Connor," the defendant's now deceased father. (Doc. # 15). The parties entered into a fee agreement that contained an arbitration clause and an attorneys' fees clause. (Doc. # 1). Plaintiff Corey Eschweiler signed the fee agreement under the heading "Glen J. Lerner & Associates." (Doc. # 1).

A dispute arose regarding the plaintiffs' representation of defendant in the acquisition of a sum of money left to him by his father. (Doc. # 1). Based on the fee agreement's arbitration clause, which mandated arbitration for "any and all disputes, claims or controversies arising out of or relating to [the fee agreement] or to [plaintiffs'] performance of legal services," defendant initiated arbitration. (Doc. # 1). In response, plaintiffs filed an action seeking declaratory relief that plaintiffs were not subject to the arbitration clause in the fee agreement in their individual

capacities. (Doc. # 1). Plaintiffs also alleged abuse of process by defendant in initiating and "actively prosecut[ing]" the arbitration. (Doc. # 1).

Defendant filed a motion to dismiss. (Doc. # 6). On July 3, 2014, this court granted defendant's motion to dismiss. (Doc. # 13).

Defendant now moves for attorneys' fees, claiming that the fee agreement permits a prevailing party in any litigation to recover attorneys' fees. (Doc. # 15).[1] Plaintiffs Glen Lerner and Corey Eschweiler have appealed the court's July 3, 2014, order to the Ninth Circuit Court of Appeals and ask this court to deny defendant's motion for attorneys' fees, or in the alternative, stay any decision concerning defendant's motion for attorneys' fees until the Ninth Circuit decides its appeal. (Docs. ## 16, 17).

**II. Legal standard**

Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees. Fed. R. Civ. P. 54(d)(1)–(2). A party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2). Local Rule 54–16(b) further requires that the motion include the following components:

1. A reasonable itemization and description of the work performed;
2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15;
3. A brief summary of the following:
   - A. The results obtained and the amount involved;
   - B. The time and labor required;
   - C. The novelty and difficulty of the questions involved;
   - D. The skill requisite to perform the legal service properly;

---

[1] The defendant's motion for attorneys' fees also contains an argument for sanctions. This will be addressed in the discussion section.

E. The preclusion of other employment by the attorney due to acceptance of the case;

F. The customary fee;

G. Whether the fee is fixed or contingent;

H. The time limitations imposed by the client or the circumstances;

I. The experience, reputation, and ability of the attorney(s);

J. The undesirability of the case, if any;

K. The nature and length of the professional relationship with the client;

L. Awards in similar cases; and,

4. Such other information as the Court may direct.

LR 54–16(b). In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54–16(c). A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54–16(d).

**III. Discussion**

Defendant now seeks attorneys' fees pursuant to the fee agreement under Rule 54(d) and as a sanction under Rule 11. These claims will be addressed in turn.

*a.) Whether attorneys' fees are appropriate under Federal Rule of Civil Procedure 54(d)(2)*

Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991 (1994). The decision to award attorneys' fees is left to the sound discretion of the district court. *Id.* NRS § 18.010 states in relevant part:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.

James C. Mahan
U.S. District Judge

> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> (a) When the prevailing party has not recovered more than $20,000; or
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. . . .
>
> 3. In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.
>
> 4. Subsections 2 and 3 do not apply to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees.

Nev. Rev. Stat. § 18.010.

Plaintiffs assert that non-parties to a contract are not subject to an attorneys' fees clause within the contract, and that plaintiffs in their individual capacities were not parties to the fee agreement with defendant. *See, e.g.*, *Delhomme v. Caremark RX Inc.*, No. 3:05-CV-505-R, 2006 WL 1880504, at *6 (N.D. Tex. July 7, 2006). Plaintiffs further assert that the "issues decided by this Court did not hinge on the interpretation and performance of the contract itself." (Doc. # 17).

. . .

. . .

. . .

The attorneys' fees clause contained in the fee agreement between the parties reads as follows:

> Attorneys' Fees. In the event that a dispute arises hereunder, the prevailing party in any litigation or arbitration shall be entitled to attorneys' fees and all costs and expenses of any sort.

The issues before this court in defendant's April 4, 2014, motion to dismiss were whether the arbitration agreement was enforceable against the plaintiffs in their individual capacities, and whether the defendant's initiation of arbitration was an abuse of process. In answering the former, this court looked to the language of the contract and the purposes underlying the Federal Arbitration Act in determining that the arbitration clause was enforceable against plaintiffs in their individual capacities. The abuse of process claim was dismissed for failure to meet the pleading standard set out by Federal Rule of Civil Procedure 8.

Defendant initiated arbitration due to the fee agreement's arbitration clause. Plaintiffs argued that the claims against them in their individual capacities should be dismissed from arbitration because the fee agreement was binding upon only the firm and defendant. Thus, it is clear that plaintiffs' action seeking declaratory relief arose out the fee agreement between them and defendant. *See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340–41 (9th Cir.1986) (motion to vacate an arbitration award was an action on the contract for the purpose of awarding attorney fees under the contract because the underlying contract played an integral role in the initial motion to compel arbitration).

The parties expressly agreed in the fee agreement that the prevailing party in any action (whether it be litigation or arbitration) arising under the contract shall recover his or her attorneys' fees. Moreover, this court's prior order concerned the arbitrability of the parties, and the contract which contained the arbitration clause necessarily played an integral role in that determination. Thus, defendant's claim for attorneys' fees falls squarely within the attorneys' fees clause of the contract.

However, the defendant has failed to follow the procedures outlined in the local rules for submitting a motion for attorneys' fees. Although portions of the local rules are met (*e.g.*, defendant has submitted a "Statement of Legal Time," which addresses LR 54–16(b)(1); defendant has stated that his attorney has 25 years of experience, addressing one of the factors of LR 54–16(b)(3), etc.), defendant does not address several of the queries posed by LR 54–16(b).

These factors include the skill requisite to perform the legal service properly, preclusion of other employment due to acceptance of the case, the time limitations imposed by the client or the circumstances, the nature and length of the professional relationship with the client, and the undesirability of the case. Although some of the factors are addressed to varying degrees, the defendant's motion and reply fail to even acknowledge the local rules.

A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." Therefore, this court will deny defendant's motion for attorneys' fees, and this court need not address plaintiffs' arguments that the amount of fees sought is unreasonable or that a stay is appropriate.

*b.) Whether attorneys' fees are appropriate under Federal Rule of Civil Procedure 11(c)*

Defendant also argues that plaintiffs should be sanctioned under Federal Rule of Civil Procedure 11 for $49,770, thrice the amount of the fees incurred by defendant.

As plaintiffs point out, there are procedural deficiencies with the defendant's motion for sanctions. First, although it is clear that Mr. Penn's letter dated March 25, 2014, was 21 days prior to the filing of the motion on July 17, 2014, this letter does not adequately follow Rule 11's requirement that the motion be served 21 days prior to its filing. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (stating that warnings about defects in opposing party's claims do not constitute service of a motion under Rule 11); *see also Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014) (finding that informal warning letters that threaten to seek sanctions do not satisfy Rule 11's safe harbor provision).

Second, Rule 11(c)(2) states that "[a] motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added). Plaintiffs argue that the defendant's Rule 11 motion for sanctions must be made separately from his Rule 54 motion for attorneys' fees.[2] However, this

---

[2] Plaintiffs provide no legal support for the specific proposition that a motion for sanctions cannot be filed with another motion for attorneys' fees. The court acknowledges that this is not a settled question. *See, e.g., Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997) (noting that "[t]o require [the party] to request Rule 11 sanctions separate from other requests for

court declines to address the issue because this court finds that defendant's motion for sanctions is substantively deficient.

The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. *Salman v. State of Nevada Comm. On Judicial Discipline*, 104 F. Supp. 2d 1262, 1270 (D. Nev. 2000). "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003). The test for determining whether a Rule 11 violation has occurred is one of objective reasonableness. *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992).

Furthermore, sanctions are reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). The fact that an "attorney's legal theory failed to persuade the [court] does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law." *Id.* (internal quotations omitted).

Contrary to defendant's assertions, plaintiffs' complaint does not appear to be filed for an improper purpose. Plaintiffs filed their complaint as a direct response to the defendant's initiation of arbitration. That action for declaratory relief does not appear to have been frivolous or legally unreasonable. Although defendant asserts that there were multiple theories under which he could have prevailed in the underlying action, plaintiffs made a legitimate argument that they were not subject to the fee agreement in their individual capacities. Plaintiffs also provided case law supporting this position. Defendants never argued that plaintiffs had misconstrued their legal citations, or that the law cited by plaintiffs was wholly inappropriate.

The fact that this court dismissed plaintiffs' abuse of process claim for failing to meet the pleading standard of Rule 8 also does not convince this court that plaintiffs committed a sanctionable action by bringing the claim. Plaintiffs contend that defendant's initiation of

---

attorney fees based on the same conduct would amount to needless duplication of paper, time, and effort, for practitioners as well as the courts).

James C. Mahan
U.S. District Judge

arbitration against them in their individual capacities was a "classic example" of a person trying to extract an inappropriate settlement. A reasonable person can see plaintiffs' concern given plaintiffs' view that they were not subject to arbitration in their individual capacities. Thus, this court cannot say that plaintiffs' action was frivolous. The facts of this case simply do not constitute one of those "rare and exceptional" cases warranting Rule 11 sanctions.[3]

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Michael O'Connor's motion for attorneys' fees, (doc. # 15), is DENIED.

DATED February 25, 2015.

UNITED STATES DISTRICT JUDGE

[3] Defendant also contends that plaintiffs engaged in improper behavior in handling a check payable to defendant. However, whether plaintiffs engaged in improper behavior was never determined by this court, as this court's previous order was limited to the issue of whether plaintiffs were subject to arbitration in their individual capacities. That issue is left for the arbitration, and this court will not award sanctions on the basis of such claims.